**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THERESA GARNER,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant. | Case No. 26-cv-555 (JMC) |

**MEMORANDUM OPINION**

Pro se Plaintiff Theresa Garner purports to file an "independent action" pursuant to Federal Rule of Civil Procedure 60(d)(3) to set aside this Court's prior judgment for alleged "fraud on the court." ECF 1. But this is not an "independent action" for fraud on the court at all. Rather, Plaintiff seeks to relitigate matters that have already been decided by this Court and affirmed on appeal. Because Plaintiff's claims are "patently insubstantial" on their face, the Court sua sponte dismisses this matter, *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), or, in the alternative, denies her motion for relief from judgment as frivolous.[1]

Federal courts are courts of limited jurisdiction and must presume that a case lies outside of its jurisdiction unless a party shows otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court's jurisdiction does not extend to claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." *Hagans v.*

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

*Lavine*, 415 U.S. 528, 536–37 (1974). Pursuant to Rule 60(b), courts are not limited in their power "to entertain an independent action . . . to set aside a judgment for fraud upon the court." Fed. R. Civ. P. 60(b). "Fraud on the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996). With these principles in mind, the Court finds that there is no legal basis for Plaintiff's action and dismisses it.

By way of background, this Court dismissed Plaintiff's prior Federal Tort Claims Act (FTCA) suit against the United States for lack of subject matter jurisdiction on July 24, 2025. *Garner v. United States of America*, No. 24-cv-2381, ECF 63 & ECF 64. The Court concluded that Plaintiff's allegations that the FBI failed to investigate reports she made to it fell within the FTCA's discretionary exception and thus were not claims for which the United States had waived sovereign immunity. *Id.*, ECF 63 at 2–4 (noting that Garner's claims fell within the discretionary exception because "her case takes issue with the way the FBI decided to handle her complaints"). On appeal, Garner raised a host of issues that she claimed amounted to "fraud upon the court" mandating reversal of this Court's decision, including allegations that the Court erred by declining to enter default judgment in her favor and that the Clerk of this Court manipulated the docket by concealing "35+ motions" she alleges that she filed in her case. *Garner v. United States*, No. 25-5335, Doc. No. 2139867, at 6 (Motion for Summary Reversal). On January 8, 2026, the D.C. Circuit summarily affirmed the Court's order dismissing her case. *Garner v. United States*, No. 25-5335, Doc. No. 2153480 (Per Curiam Order). In doing so, it rejected her argument that default judgment was appropriate and held that her claims that the Court "falsified or concealed records lack merit." *Id.* at 2.

This new action is nothing more than an attempt to relitigate those same issues. In her new complaint, Plaintiff again presses a claim that this Court should revisit its prior dismissal due to alleged "fraud on the court" related to the "systemic purging of thirty-five (35) substantive motions from the certified record," which she claims "concealed the 400-day procedural default of the United States." ECF 1 at 4. But her claims are "plainly unsubstantial" for many reasons. *Hagans*, 415 U.S. at 537.

First, her filing does not state a claim of "fraud on the court" as that phrase has been interpreted in Rule 60. "Fraud upon the court refers only to very unusual cases involving far more than an injury to a single litigant." *Baltia Air Lines, Inc.*, 98 F.3d at 642–43. The D.C. Circuit has identified examples like "the bribery of a judge or the knowing participation of an attorney in the presentation of perjured testimony." *Id.* at 643. Her allegation that the Clerk of Court did not docket certain motions she claims that she filed—a contention that the D.C. Circuit has already determined lacks merit—does not remotely rise to that level. Per Curiam Order at 3 (denying Plaintiff's motion to "correct the district court's docket"). Second, at the time she claims she attempted to file over 30 motions that do not appear on the prior case's district court docket, she was under an order from this Court prohibiting her from making additional filings without the Court's permission. *Garner v. United States*, No. 24-cv-2381, Oct. 1, 2024 Min. Order. If she is referring to motions that she attempted to file in the D.C. Circuit on appeal in the prior case, the D.C. Circuit already determined that "the district court's docket appropriately does not include any of [Plaintiff's] filings in th[at] court." Per Curiam Order at 3. Third, her claim that the district court Clerk's Office's failure to docket her filings somehow concealed Defendant's default is implausible on its face. ECF 1 at 7. Plaintiff's filing of intervening motions does not affect the date of the Government's appearance in the prior case. *Garner v.*

3

*United States*, No. 24-cv-2381, May 13, 2024 Min. Entry (noting first appearance by government counsel in the prior litigation). Indeed, she claims that the Clerk's Office began "scrubbing" her filings in November 2024, ECF 1 at 5, months after the Government filed its motion to dismiss her case. *Garner v. United States*, No. 24-cv-2381, ECF 13. Accordingly, the status of Plaintiff's filings could not affect the legal issue of default.

Fourth and finally, there was no default in the prior case. The D.C. Circuit dealt with that claim, too, finding that Plaintiff "has not shown that the government failed to plead or otherwise defend so as to be in default." Per Curiam Order at 2 (citing Fed. R. Civ. P. 55(a)). Indeed, the Government appeared and actively participated in defending itself before the prior case was even transferred to this Court from the Court of Federal Claims. *See Garner v. United States*, No. 24-cv-2381, May 13, 2024 Min. Entry (noting first appearance by government counsel in the prior litigation). Fifth, "the entry of a default judgment is not automatic." *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). And under Federal Rule of Civil Procedure 55(d), the Court can only enter default judgment against the United States "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Even if the Government had never appeared in the prior case, this Court could not have granted default judgment in Plaintiff's favor after finding that it had no subject matter jurisdiction to entertain Plaintiff's claims. *Garner v. United States*, No. 24-cv-2381, ECF 63 at 4–5. Finally, this Court has no power to disturb or revisit the D.C. Circuit's determinations on appeal, which is precisely what Plaintiff seeks to have the Court do in rehashing matters the appellate court has already considered.

So, whether the Court construes Plaintiff's case as an independent action under Rule 60(d)(3) to set aside this Court's prior judgment for fraud, another type of motion under Rule 60 for relief from its prior judgment, or any other request to reconsider the Court's order dismissing

the prior case, Plaintiff's claims are patently insubstantial and without any plausible merit. This matter is accordingly **DISMISSSED** and the Clerk of Court is directed to terminate it.

The Court observes that despite only recently initiating this case, Plaintiff has already peppered the Court with emergency motions and other filings. Some of the filings are duplicitous. *See* ECF 4 (Emergency Motion for Expedited Discovery filed on February 18, 2026); ECF 14 (another Motion for Expedited Discovery filed on February 27, 2026). There is no need for Plaintiff to repeatedly file the same motions in a short time frame. Nor does this case involve any "emergency." Plaintiff's filings are vexatious. Plaintiff exhibited similar conduct in her prior case and caused issues for the D.C. Circuit, which revoked her electronic filing privileges and directed its Clerk's Office not to accept additional filings from her. *Garner v. United States*, No. 25-5335, Doc No. 2140085. Plaintiff is warned that if she continues to make filings rehashing the same issues that have already been litigated, the Court may impose sanctions, including an order directing her to show cause why a filing injunction should not issue. Because the Court has dismissed this case, it **DENIES** ECF Nos. 4, 5, 13, and 14 as moot. A separate order will issue.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: April 7, 2026

5